UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KATHERINE M KERNTKE,

                Plaintiff,

      v.

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

                Defendant.

CASE NO. 2:16-CV-01764-RAJ-JRC

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

NOTING DATE:  AUGUST 25, 2017

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt.  13, 14, 15).

Plaintiff has been diagnosed with multiple sclerosis, in part based on large brain lesions, the largest of which, as indicated in an MRI, was in an area of the brain crucial for balance. The ALJ rejected the opinion from an examining neurologist, which included

an opinion that plaintiff suffered from limitations in her ability to balance, in part based on a finding that plaintiff exhibited "normal reflexes" when examined by this neurologist. However, the neurologist documented multiple abnormal or absent reflexes.

Therefore, after considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical opinion from the examining specialist, neurologist, Dr. Almaraz. This matter should be reversed and remanded.

## BACKGROUND

Plaintiff, KATHERINE M. KERNTKE, was born in 1992 and was 20 years old on the alleged date of disability onset of April 21, 2012. *See* AR. 283-90, 291-96). Plaintiff graduated from high school.  AR. 54.  Plaintiff has some work history doing custodial and maintenance work. AR. 353-64. An examining physician's report indicates that plaintiff "was let go from [a housekeeping] job because she fainted at work once." AR. 730.

According to the ALJ, plaintiff has at least the severe impairments of "multiple sclerosis, obesity, PTSD/generalized anxiety disorder, and bipolar/depressive disorder (20 CFR 404.1520(c) and 416.920(c)." AR. 15.

At the time of the last hearing, plaintiff was living with her parents.  AR. 84-85.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration.  *See* AR. 99, 100, 125, 126.  Plaintiff's requested hearing was

held before Administrative Law Judge Ruperta M. Alexis on September 10, 2014. *See* AR. 35-74. Plaintiff's supplemental hearing was held before Administrative Law Judge Stephanie Martz ("the ALJ") on April 16, 2015. *See* AR. 75-98. On June 26, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 9-34.

On October 17, 2016, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1-7. *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in November, 2016. *See* Dkt. 3. Defendant filed the sealed administrative record regarding this matter ("AR.") on March 21, 2017. *See* Dkt. 11.

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) The ALJ failed to give legally sufficient reasons to disregard the medical opinions of examining and/or treating providers' regarding plaintiff's limitations; (2) The ALJ failed to properly assess plaintiff's Residual Functional Capacity; and (3) The ALJ's step five finding is not supported by substantial evidence. *See* Dkt. 13, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1)    The ALJ failed to give legally sufficient reasons to disregard the medical opinions of examining and/or treating providers regarding plaintiff's limitations.**

Among other issues, plaintiff contends that the ALJ erred by giving little weight to the opinion of examining physician, Dr. Lewis B. Almaraz, M.D., which is contradicted by the opinion of the State agency medical consultant. *See* Dkt. 13, pp. 8-11. Defendant contends that plaintiff's argument lacks merit. *See* Dkt. 14, pp. 8-10.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

Dr. Almaraz, a specialist in neurology, evaluated plaintiff on October 31, 2014. *See* AR. 729-33; *see also* AR. 735-41. When reviewing her records, Dr. Almaraz noted that her July 12, 2013 MRI "showed multiple demyelinating lesions, largest in the right middle cerebellar peduncle." AR. 729. He also noted that a May 14, 2014 MRI indicated "resolving demyelinating plaques within the brainstem, right cerebellar peduncle and pontomedullary junction." *Id*. His examination revealed abnormal reflexes and "some minor difficulty with toe tapping on the left when compared to the right." AR. 731. Among other opinions, as noted by the ALJ, Dr. Almaraz opined that plaintiff "could 'never' balance  . . . ." AR. 24; *see also, e.g.*, AR. 738.

1   The ALJ gave only little weight to the opinion from Dr. Almaraz. AR. 24. First,

2 the ALJ provided a general statement that the opinion from Dr. Almaraz "is inconsistent

3 with the examination findings - both his and other neurology exams." *Id*. This general

4 statement, alone, is not sufficiently specific to support rejecting the opinion of an

5 examining specialist, because in order for the Court to evaluate the ALJ's reasoning, the

6 ALJ needs to specify what examination findings are inconsistent with which particular

7 opinions. *See Lester*, 81 F.3d at 830-31 (citations omitted) (an examining doctor's

8 opinion can be rejected only "for specific and legitimate reasons that are supported by

9 substantial evidence in the record").

10   The ALJ supported this rationale with a finding that Dr. Almaraz described a

11 "normal neurological exam and minor findings in the motor exam." *Id*. The ALJ

12 specified that plaintiff "had normal muscle strength and normal reflexes." *Id.* However,

13 the ALJ's finding is not based on substantial evidence in the record as a whole. Although

14 it appears that plaintiff had normal muscle strength, Dr. Almaraz observed that regarding

15 plaintiff's reflexes, plaintiff's "jaw jerk was hyperactive; biceps were somewhat brisk

16 with spread to her fingers; triceps absent; knee jerks absent; ankle reflexes were 2+ and

17 symmetrical; [and] toe responses were down going bilaterally." AR. 71. Therefore, as

18 some reflexes were hyperactive and some were absent, substantial evidence does not

19 support the finding by the ALJ that plaintiff had "normal reflexes," which was relied on

20 by the ALJ when rejecting Dr. Almaraz's opinion regarding limitations, including an

21 opinion that plaintiff could never balance.

The ALJ appears to be unaware of the abnormal finding regarding plaintiff's reflexes as demonstrated when examined by a relevant specialist, a neurologist. Twice, the ALJ referenced the examination record from Dr. Almaraz, both times either failing to take note of or actively denying the abnormal reflexes. *See* AR. 16 (no reference of the abnormal reflexes, and the indication that there were "no other abnormalities"), 24 (the ALJ indicates that plaintiff had "normal reflexes"); *see also* Dkt. 14, pp. 8-9 (defendant repeats the ALJ's error, indicating that plaintiff demonstrated no other abnormalities). Furthermore, the ALJ does not appear to have apprehended the relevance of the location of plaintiff's brain lesions, noting only that her "MRI results were suspicious for multiple sclerosis." AR. 16. However, as noted previously, plaintiff's July, 2013 MRI indicated multiple brain lesions, with the "largest in the right middle cerebellar peduncle." AR. 729; *see also, e.g.*, S. Martin, A.J. Bastian, "Cerebellar control of balance and locomotion." Neuroscientist, 2004 Jun. Vol 10(3): 247 ("the cerebellum is important for movement control and plays a particularly crucial role in balance and locomotion"), available at https://www.ncbi.nlm.nih.gov/pubmed/15155063 (last visited 7/27/17).

The ALJ failed to take note of relevant MRI findings supporting the opinion of the examining neurologist, and the abnormal reflexes observed by this neurologist, and instead relied on an erroneous finding that plaintiff exhibited "normal reflexes." AR. 24. The Court concludes that the ALJ's rejection of the neurologist's opinion, including limitations on plaintiff's ability to balance, based on flawed assessment of the objective evidence is not based on substantial evidence in the record as a whole. Defendant offers an additional reason that she argues could support a rejection of the opinion by Dr.

Almaraz however, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196).

The Court also concludes that the ALJ's error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the

Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the ALJ rejected opinions from the examining neurologist, Dr. Almaraz, including that plaintiff never could balance or climb, and that she had limitations on her ability to sit, stand, and walk. *See* AR. 24. The ALJ did not include these limitations when providing hypotheticals to the vocational expert ("VE"), on whose testimony the ALJ relied when concluding that plaintiff was not disabled. *See* AR. 27. Including these limitations into plaintiff's residual functional capacity ("RFC") and into a hypothetical presented to a VE, could lead to a finding of disability, as including some of these limitations in a hypothetical led to the VE's testimony that there were no jobs available with such limitations. *See* AR. 96-97. Therefore, the Court cannot conclude with confidence that "'no reasonable ALJ, when fully crediting the [opinion from Dr. Almaraz], could have reached a different disability determination." *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

However, the Court concludes that this matter should be reversed and remanded for further administrative proceedings, as opposed to with a direction to award benefits. There is objective evidence that the ALJ failed to evaluate in the first instance, including the presence of large brain lesions in areas important for balance and locomotion, and plaintiff's abnormal reflexes. Furthermore, it is possible that even if plaintiff was disabled, she was disabled for a limited period of time, as plaintiff subsequent MRI results show some resolution, and perhaps suggest improvement, over time. Therefore, the Court concludes that further administrative proceedings would serve a useful purpose.

*See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)

(quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) ("we generally remand for

an award of benefits only in the 'rare circumstances,' *Moisa*, 367, F.3d at 886, 'where no

useful purpose would be served by further administrative proceedings and the record has

been thoroughly developed"). Following remand of this matter, the ALJ should evaluate

anew all of the medical evidence of record.

> **(2)    If the ALJ failed to properly assess plaintiff's Residual Functional Capacity ("RFC") and if the ALJ's step five finding is not supported by substantial evidence.**

The Court already has concluded that the ALJ erred in the evaluation of the

medical evidence, and that all of the medical evidence should be evaluated anew

following remand of this matter, *see supra*, section 1. As a necessity, the RFC and the

step five finding must be evaluated anew following remand of this matter as well.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff's reflexes were normal when plaintiff was

evaluated by an examining neurologist is not based on substantial evidence in the record

as a whole. The ALJ relied on this erroneous finding when failing to credit fully the

opinion of the neurologist regarding plaintiff's functional limitations. This error is not

harmless.

Based on these reasons, and the relevant record, the undersigned recommends that

this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) to the Acting Commissioner for further proceedings consistent with this Report

and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 25, 2017**, as noted in the caption.

Dated this 31st day of July, 2017.

J. Richard Creatura
United States Magistrate Judge